**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ROBERT J. KLORIK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-00717-JRG |
| | § | |
| JAMES WALKER and RAYMOND | § | |
| HINES D/B/A HINES LOGGING, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Robert J. Klorik's ("Klorik") Motion for Alternate Service on Defendant James Walker, filed January 16, 2013 (Dkt. No. 13). Klorik, pursuant to Fed. R. Civ. P. 4(e) and Tex. R. Civ. P. 106, moves for an order allowing service of process to be made on Defendant James Walker ("Walker") by first-class U.S. Mail delivery confirmation to the address of 2977 FM 1186, Marshall, Texas 75672 (the "2977 Address"). The Court having considered Klorik's motion finds that the motion should be **DENIED** for the reasons set forth below.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service of process may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Texas, Rule 106(b) of the Texas Rules of Civil Procedure authorizes substituted service "[u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted [by personal delivery or by certified mail] at the location named in such affidavit but has not been successful." Substituted service may be

made in any "manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2); *see, e.g.*, *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (stating that substituted service must be "by means reasonably calculated to provide actual notice").

The Court may authorize substitute service only where the supporting affidavit strictly complies with the requirements of Rule 106(b) of the Texas Rules of Civil Procedure. *See, e.g.*, *Smith v. Commercial Equipment Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984) ("The settled rule in this state is that the manner of service must strictly comply with the rules."). To strictly comply, the plaintiff must present "evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *See, e.g.*, *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.—Dallas 1986, no writ).

The Court finds that Klorik fails to offer evidence that the 2977 Address is Walker's "usual place of business or usual place of abode or other place where [he] can probably be found." On the contrary, the residents of the 2977 Address twice informed Klorik's process server that Walker has not lived at that address for three years. (Dkt. No. 13, Ex. A ¶¶ 6, 8.) Further, Klorik has not demonstrated that substituted service by first class U.S. Mail delivery confirmation to the 2977 Address "will be reasonably effective to give the defendant notice of the suit." While Klorik argues that Walker still receives mail at the 2977 Address, which is retrieved by Walker's daughter, Klorik presents no evidence that his attempted communications through Walker's daughter have reached Walker. *See Furst v. Smith*, 176 S.W.3d 864, 870-71 (Tex. App.—Houston (1st Dist.) 2005, no pet.) (finding substituted service upon defendant's father not reasonably effective despite defendant's father's involvement in the case).

Accordingly, the Court finds that Klorik's Motion for Alternate Service on Defendant James Walker (Dkt. No. 13) should be and is hereby **DENIED**.

**So ORDERED and SIGNED this 16th day of April, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE